WILLIAM M. SHERNOFF #38856
EVANGELINE F. GROSSMAN #176014
JOEL A. COHEN #202851
TRAVIS M. CORBY #268633
**SHERNOFF BIDART ECHEVERRIA, LLP**
600 South Indian Hill Boulevard
Claremont, California 91711
Telephone: (909) 621-4935
Facsimile: (909) 447-2043

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| MARSHALL SALKIN, an individual; ELLEN SALKIN, an individual, <br><br> Plaintiffs, <br><br> vs. <br><br> UNITED SERVICES AUTOMOBILE ASSOCIATION; USAA LIFE INSURANCE COMPANY, and DOES 1 through 50 inclusive, <br><br> Defendants. | Case No.: CV-10-1322 VAP (OPx) <br><br> PLAINTIFFS' OPPOSITION TO USAA'S *EX PARTE* APPLICATION TO FILE SUPPLEMENTAL DECLARATION TO PLAINTIFFS' MOTION TO REMAND <br><br> Date: January 3, 2011 <br> Time: 2:00 p.m. <br> Courtroom: 2 |

1

Defendant, United Services Automobile Association "USAA"'s *Ex Parte* Application should be denied as an improper attempt to submit supplemental evidence and legal analysis in response to an issue that had already been raised in at least two different sections of plaintiffs' Motion to Remand.

First, page 5 of plaintiffs' Motion states:

> To be eligible for a USAA Life Insurance Company policy, an applicant must be a member of the United Services Automobile Association. Mr. Salkin's United Services Association number is #001136307. (Complaint, ¶ 20.)

Second, page 15 of plaintiffs' Motion states:

> Significantly, it is apparent that one cannot even purchase a USAA Life product without first becoming a USAA member. There does not appear to be a separate membership number issued for USAA Life (Salkin Dec. ¶ 1; Corby Dec. ¶ 15, 21, 23).

Clearly, this membership issue has already been raised in plaintiff's moving papers. USAA has already had an opportunity to respond and fully brief the issue in its Opposition, but failed to do so. There is absolutely no new assertion made in plaintiff's Reply that would warrant a supplemental brief. This *ex parte* application is simply USAA's attempt to brief an issue it had previously forgotten to respond to. USAA's *ex parte* application should be denied and its supplemental evidence and legal analysis should not be considered by the court.

Dated: December 27, 2010                SHERNOFF BIDART ECHEVERRIA, LLP

                                        By: _____
                                        WILLIAM M. SHERNOFF
                                        EVANGELINE GROSSMAN
                                        JOEL A. COHEN
                                        TRAVIS M. CORBY
                                        Attorneys for Plaintiffs

2

PLAINTIFFS' OPPOSITION TO USAA'S *EX PARTE* APPLICATION TO FILE SUPPLEMENTAL DECLARATION TO PLAINTIFFS' MOTION TO REMAND

## PROOF OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

I am employed in the county of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is: 600 South Indian Hill Boulevard, Claremont, California 91711.

On **December 28, 2010**, I served the foregoing document described as PLAINTIFFS' OPPOSITION TO USAA'S *EX PARTE* APPLICATION TO FILE SUPPLEMENTAL DECLARATION TO PLAINTIFFS' MOTION TO REMAND on all interested parties in this action by placing [ ] the original [X] a true copy thereof enclosed in sealed envelopes addressed as follows:

Margaret Levy, Esq./Becky J. Belke, Esq.
MANATT, PHELPS & PHILLIPS, LLP
11355 West Olympic Boulevard
Los Angeles, California 90064
310-312-400 – Fax – 310-312-4224
mlevy@manatt.com / bbelke@manatt.com

[ ] BY MAIL I caused such envelope to be deposited in the mail at Claremont, California. The envelope was mailed with postage thereon fully prepaid. I am "readily familiar" with this firm's practice of collection and processing correspondence for mailing. It is deposited with U.S. postal service on that same day in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than 1 day after date deposit for mailing in affidavit.

[ ] BY PERSONAL SERVICE I caused to be delivered by hand to the above-listed addressees or to the addressees on the list attached hereto. A proof of service executed by the delivery person will be mailed under separate cover.

[ ] BY OVERNIGHT MAIL/COURIER To expedite the delivery of the above-named document, said document was sent via overnight courier for next day delivery to the above-listed party.

[ ] BY FACSIMILE ("FAX") In addition to the manner of proof of service indicated above, a copy was sent by FAX to the above-listed party.

[X] BY CM/ECF ELECTRONIC DELIVERY: In accordance with the registered case participants and in accordance with the procedures set forth at the Court's website www.ecf.cacd.uscourts.gov.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made. I declare under penalty of perjury under the laws of California that the above is true and correct.

Executed on **December 28, 2010**, at Claremont, California.

_____
SUSAN F. LACEY